# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 3, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

150095

PITSCH HOLDING COMPANY, INC.,
   Plaintiff/
   Counter Defendant-Appellee,

v

             SC: 150095
             COA: 315800
             Kent CC: 10-009001-CK

PITSCH ENTERPRISES, INC. and GARY L.
PITSCH,

   Defendants/
   Counter Plaintiffs-Appellants.

_____/

   On order of the Court, the application for leave to appeal the August 7, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

   MARKMAN, J. (*dissenting*).

   I respectfully dissent from this Court's order denying leave to appeal. I would instead reverse in part the judgment of the Court of Appeals for the reasons stated by the partial dissent in that Court. Plaintiff is a holding company for a demolition enterprise. That enterprise's five shareholders are siblings. For reasons unrelated to this case, Gary Pitsch was removed as an active member of the company but remains a shareholder. He then started his own company, defendant Pitsch Enterprises, Inc., which engages in the metal scrap business, as well as in demolition and excavation work. Plaintiff sued Pitsch and his company, alleging violation of a noncompete provision in the shareholder's agreement. A jury awarded plaintiff $128,000 in damages for breach of the provision, and in a split decision, the Court of Appeals affirmed. *Pitsch Holding Co, Inc v Pitsch Enterprises, Inc*, unpublished opinion per curiam of the Court of Appeals, issued August 7, 2014 (Docket No. 315800). The partial dissent opined that plaintiff had failed to

provide adequate evidence to justify the jury's award of damages for breach of the noncompete provision.[1]  I agree.

Defendant argues that plaintiff failed to present any evidence of actual damages given that it could not show that it had lost any contract to defendant in the bidding process.  That is, although plaintiff and defendant may have both bid on some of the same contracts (defendant thus violating the noncompete provision), there is no evidence that defendant obtained any of these contracts.  "[C]ausation of damages is an essential element of any breach of contract action . . . ."  *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178 (2014).  Plaintiff's proofs were limited to tax returns indicating that its revenues had declined during the previous five-year period while defendant's revenues had increased by a similar amount.  However, there is no evidence that plaintiff's decline in revenue was in any way caused by, or attributable to, defendant's violation of the noncompete provision, and that is what must be shown in a case such as this.

ZAHRA, J., joins the statement of MARKMAN, J.

---

[1] *Pitsch Holding Co, Inc v Pitsch Enterprises, Inc*, unpublished opinion per curiam of the Court of Appeals, issued August 7, 2014 (Docket No. 315800) (SHAPIRO, J., concurring in part and dissenting in part), p 1.



t0331

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 3, 2015



Clerk